UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-224-GWU

NORA J. MINTON, PLAINTIFF,

VS.            **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

# INTRODUCTION

Nora Minton originally brought <u>Minton v. Barnhart</u>, London Civ. A. No. 03-542 (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB).  After a period of administrative reconsideration prompted by the court's Memorandum Opinion, Order, and Judgment of October 20, 2004 (Tr. 326-335), it was again before the undersigned on cross-motions for summary judgment in August of 2006, having been combined with a subsequently filed claim for Supplemental Security Income (SSI) as well as another DIB application.  This decision was also reversed and remanded to the Commissioner by the court in <u>Minton v. Barnhart</u>, London Civ. A. No. 05-411 (E.D. Ky).  Following yet another period of administrative reconsideration, the action is once more before the undersigned on cross-motions for summary judgment and

1

07-224  Nora J. Minton

has been combined with another subsequently-filed DIB claim.  The standard of review is incorporated by reference from the "Applicable Law" section of the court's August 16, 2006 Memorandum Opinion.  (Tr. 675-8).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Minton, a 54-year-old former registration clerk with a high school education, suffered from impairments related to mild osteoarthritis, the residuals from a right leg fracture (being status post open reduction and internal fixation), depression and a history of polysubstance abuse.  (Tr. 649, 655).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 658). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 662). The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 660).

After review of the evidence presented, the undersigned concludes that the administrative decision is still not supported by substantial evidence.  The current record also mandates an immediate award of Social Security Benefits.

This action was originally remanded by the court in October of 2004 because the ALJ erred in evaluating Minton's physical condition.  (Tr. 333-335).  The ALJ

07-224  Nora J. Minton

concluded that the plaintiff did not suffer from a "severe" physical impairment despite the findings of Dr. James Templin, an examining consultant, who identified the existence of very severe physical limitations. (Tr. 251-252). The doctor's restrictions concerning the total amount of time Minton could sit, stand or walk would be less than eight hours a day and, so, would preclude full-time employment. Dr. Templin's physical restrictions were not contradicted in the record by those of another treating or examining source. (Tr. 333). Dr. David Swan, a non-examining medical reviewer, opined that the claimant did not suffer from a "severe" physical impairment (Tr. 223), but did not have the opportunity to see and comment upon the opinion of Dr. Templin. Thus, his opinion could not be relied upon to outweigh that of the examining source. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).

      Following the first remand of action, Dr. Arthur Lorber testified as a medical advisor at the administrative hearing held on March 3, 2005. (Tr. 624-632). Dr. Lorber concluded that Minton did not suffer from a "severe" physical impairment (Tr. 626) and the ALJ relied upon this opinion to offset that of Dr. Templin (Tr. 313). However, Dr. Lorber only addressed some of the information from Dr. Templin. (Tr. 679). While the physician discussed why he did not believe that the examiner's findings with regard to the diagnoses of fibromyalgia and rheumatoid arthritis were well supported, these were not actually cited in the residual functional capacity assessment from the physician. (Tr. 251-253). This document actually attributed

3

07-224  Nora J. Minton

the plaintiff's restrictions to right-sided calcaneal bone spurs, osteoarthritis and degenerative joint pain.  (Tr. 250).  Dr. Templin cited x-rays which supported the existence of the bone spurs.  (Tr. 245).  Thus, at least some objective evidence supported the doctor's opinion.  These problems were not addressed by Dr. Lorber.  Since these impairments could logically be associated with many of the activity restrictions identified by the physician, another remand of the action was required.  (Tr. 679).

Following the second remand of the action, the ALJ did find that Minton suffered from "severe" physical impairments including mild osteoarthritis and the residuals of right leg pain.  (Tr. 655).  Dr. Templin's restrictions were again rejected as not being well-supported by objective medical data.  (Tr. 657).  Instead, the ALJ relied upon the opinion of Dr. Jorge Baez-Garcia, a non-examining medical reviewer who restricted the plaintiff to a limited range of medium level work.  (Tr. 1195-1202).  However, Dr. Baez-Garcia did not address the findings of Dr. Templin concerning the right calcaneal bone spurs, osteoarthritis, and degenerative joint disease which were ignored by Dr. Lorber.  Thus, this opinion is also insufficient to offset that of the examining source.  The record was also reviewed by Dr. Timothy Gregg, but he identified more severe postural limitations concerning stooping, kneeling, crouching and crawling than were found by the ALJ--restricting these activities to occasional performance (Tr. 1225) while the ALJ found they could be performed frequently (Tr.

07-224 Nora J. Minton

658). Social Security Ruling 85-15 indicates that one must be able to stoop and crouch on a frequent basis to perform most medium level work and, so, this report also does not support the administrative decision. Therefore, the administrative decision is once again not supported by substantial evidence.

This action has been pending since Minton filed her original DIB application in August of 2001. (Tr. 45-47). The plaintiff has now had to wait almost seven years for resolution of this claim. Under these circumstances, yet another remand of the action for further consideration would be unjust. Therefore, the undersigned concludes that the claimant should be found to have been disabled.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for an award of Social Security benefits. Therefore, the Court must grant the plaintiff's summary judgment motion and deny that of the defendant. A separate judgment and order will be issued simultaneously consistent with this opinion.

This the 1st day of May, 2008.



Signed By:
G. Wix Unthank
United States Senior Judge